**In re John STRANGIS, a/k/a John A. Strangis, Debtor.**

**Bankruptcy No. 3–82–1517.**

United States Bankruptcy Court, D. Minnesota, Third Division.

Oct. 20, 1986.

Thomas F. Hutchinson, Minneapolis, Minn., for debtor.

Charles Zimmerman, Minneapolis, Minn., for Strangis Creditors Class.

William Kampf, Minneapolis, Minn., Trustee.

Paul D. Tierney, Minneapolis, Minn., for Cabriel Chehadeh.

## ORDER OVERRULING OBJECTION OF GABRIEL CHEHADEH TO TRUSTEE'S REPORT AND DENIAL OF PETITION FOR REMOVAL OF SETTLED CREDITORS

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard on September 25, 1986, on objection filed by Gabriel Chehadeh to the trustee's Final Report and Account Before Distribution. Appearances were noted on the record at the hearing. The Court, having reviewed the documents submitted along with the entire records and files herein; and having heard arguments; now being fully advised in the matter, hereby makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I.

John A. Strangis filed for relief under Title 11 Chapter 7 on August 12, 1982. On July 20 of that year, a number of individuals commenced an action against Strangis and other Defendants in the United States District Court for the District of Minnesota for damages arising out of alleged violations of state and federal securities laws, among other things. The filing of his petition in bankruptcy stayed the action as against Strangis.

The Federal District Court matter evolved into a class action, which subsequently included as members of the plaintiff's class certain scheduled unsecured creditors in the Strangis bankruptcy. No relief from the stay was sought from, or given by, the Bankruptcy Court to provide for the liquidation of these claims against Strangis in the class action lawsuit. Strangis personally neither appeared nor participated in the District Court lawsuit after the filing of his bankruptcy petition.

The class action litigation was settled by the plaintiff class and the participating defendants pursuant to agreement approved by the United States District Court, Honorable Donald Alsop, on May 24, 1985. Although the settlement documents named Strangis along with all of the settling defendants and resulted in the dismissal of nondischargeability adversary proceedings then pending in bankruptcy, Strangis did not participate in the settlement and contributed nothing to it. In consideration of their pro-rata receipt of $262,500.00 and certain assignments from participating and contributing defendants, the plaintiff class released and discharged the defendants, including Strangis, from any and all further liability arising out of the transactions that provided the basis for the lawsuit.

Most members of the plaintiff settling class had also filed claims in the Strangis bankruptcy estate. None of the claims have ever been objected to by the trustee or any party in interest, either before or after settlement of the Federal District Court class action lawsuit. The trustee proposes in his Final Account to distribute pro rata to those persons who filed claims in the estate and who also were covered by the class action settlement in the Federal District Court. Chehadeh objects to distribution to these claimants on the theory that by reason of their class participation and the settlement in the District Court litigation, their claims have been fully satisfied and, accordingly, they are not entitled to share in the Debtor's estate.

## II.

Chehadeh premises his argument on 11 U.S.C. § 502(b)(1) which provides that in certain instances claims are not allowable if unenforceable against a debtor and property of a debtor. Initially, it should be noted that § 502(b) provides for the disallowance of claims upon objection, notice and hearing. Objecting to the Trustee's Final Report and Account Before Distribution does not constitute a proper procedure for objecting to the allowance of claims. Although the attorney for the plaintiff's class in the District Court litigation filed a memorandum in opposition to Chehadeh's motion and made an appearance at the hearing, there is no evidence that those claimants who might be adversely affected in the matter were notified of the present proceeding. No affidavit of service appears in the file and the notice of motion and hearing is addressed to William Westphal, United States Trustee, and "other parties in interest". Claimants are entitled to notice and hearing on proceedings to determine the allowance of their claims. That fundamental due process right is not satisfied by noticing the trustee in the context of objecting to the trustee's final account and proposed distribution.

Aside from the deficient procedure in which the matter is before the Court, the premise upon which relief is sought is not a sound one. A post-petition settlement between a prepetition creditor and non-debtor defendants who may be jointly and severally liable with the debtor does not by itself result in the satisfaction of a claim properly filed by the settling creditor in the debtor's bankruptcy estate. Unless such a settlement clearly provides for the withdrawal by a settling creditor of his claim filed in the estate, it must be shown that the creditor was made whole by the settling defendants to sustain an objection to payment of the filed claim by the estate, based on satisfaction.

Apparently, Strangis did benefit from the District Court settlement, in that it resulted in the dismissal of pending nondischargeability actions against him in the

Bankruptcy Court. However, even if he had participated in the settlement and had given consideration for the benefit, those facts standing alone would still not constitute satisfaction of settling claims filed in the estate to the extent that the claimants had not been made whole. A bankruptcy estate is an entity wholly separate from the debtor, and estate property is not the debtor's property.

Movant's reliance on language in § 502(b)(1) providing for disallowance of a claim where "such claim is unenforceable against the debtor and property of the debtor" is misplaced. Application of the language as Chehadeh urges would result in the disallowance of all prepetition unsecured claims in any bankruptcy estate to the extent that they do not represent nondischargeable debts. Absent a finding of nondischargeability, no such unsecured claim is enforceable post-petition against a debtor and property of a debtor. Proper focus of the language regarding disallowance of a claim, is on *prepetition* enforceability, not post-petition enforceability.[1]

Nothing in the settlement documents or circumstances of the matter as presented to the Court indicates that the bankruptcy claimants, who were also members of the settling plaintiff's class in the District Court litigation, were made whole in the settlement or intended to waive their respective claims properly filed in the Debtor's estate. The estate was not a party to the litigation and did not participate in the settlement. No estate property was involved and the estate remained unaffected by it. Accordingly, for the reasons herein discussed, the objection should be overruled.

The interim trustee seeks attorney's fees and costs for responding to the objection. The trustee represented himself in both the written response and by his appearance at the hearing. The Court is not persuaded that the objection was brought in bad faith; the written response was minimal; and, aside from minor frustration, the Court sees negligible prejudice to the trustee. This is not a circumstance calling for an award of attorney's fees. Should the matter be pursued on appeal, however, fees and costs might be justified if the appeal be unsuccessful.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The objection of Gabriel Chehadeh to the trustee's Final Report and Final Account Before Distribution is overruled in its entirety and his Petition For Removal of Settled Creditors is denied.

2. The trustee's motion for attorney's fees and costs is denied.

3. The trustee's Report and Final Account is approved.

---

1. Post-petition settlement with a non-debtor who is jointly and severally liable with a debtor can, under appropriate circumstances, provide a basis for objection to distribution to the settling creditor on grounds of satisfaction. However, denial of payment, based on satisfaction, of a properly filed claim is different from its disallowance; and, the language of § 502(b)(1) addresses the latter, not the former.