John J. WOLFSWINKEL, Geraldine Wolfswinkel, and Willis Wolfswinkel, Appellants,

v.

Bert C. GESINK, Appellee.

No. 54137.

Supreme Court of Iowa.

Oct. 13, 1970.

Robert R. Huibregtse, Orange City, and Mott, Grose & Von Holtum and Douglas E. Schmidt, Worthington, Minn., for appellants.

Miller, Miller & Miller and J. R. Miller, Cherokee, for appellee.

MOORE, Chief Justice.

On August 21, 1969 plaintiffs filed the following petition at law in the district court:

"Comes now, the Plaintiffs, John J. Wolfswinkel, Geraldine Wolfswinkel and Willis Wolfswinkel, and as and for their cause of action against the Defendant state as follows:

"1. That the Plaintiffs, John and Geraldine Wolfswinkel are individuals and residents of Sheldon, O'Brien County, Iowa, and the contract sellers of the following O'Brien County Real Estate:

"* * * (We omit the legal description set out in the petition.)

"2. That the Plaintiff, Willis Wolfswinkel, is an individual and resident of Sioux County, and contract purchaser of the real estate described in Paragraph 1.

"3. That the Defendant, Bert C. Gesink, is an individual and resident of O'Brien County, Iowa, and licensed as an Iowa insurance agent for the Farmers Mutual Insurance Association of Hull, Iowa.

"4. That the Defendant, Bert C. Gesink, as agent for the Farmers Mutual Insurance Association of Hull, Iowa, has

continuously provided fire and casualty insurance on buildings occupying the tract described in paragraph 1 since September 7, 1963.

"5. That the Plaintiffs, John J. Wolfswinkel, Geraldine Wolfswinkel and Willis Wolfswinkel, are insured under policy 60–4912 and that Farmers Mutual Insurance Association Agent, Bert C. Gesink, has knowledge and information of the same.

"6. That on or about the 1st day of September, 1964, the Defendant, Bert C. Gesink, came to the premises described in paragraph 1, to solicit insurance coverage for a swine finishing house then under construction on said property. That insurance on the completed finishing house and equipment was orally requested in the sum of $20,000.00 by the Plaintiffs, John Wolfswinkel and Willis Wolfswinkel.

"7. That the Defendant, Bert C. Gesink, failed to provide insurance coverage as requested by the Plaintiffs and in addition thereto, advised the assured the Plaintiffs that the swine finishing house, the mechanical fixtures and livestock therein were fully insured.

"8. That the Defendant, Bert C. Gesink, holds himself out as a competent insurance broker qualified to underwrite fire and casualty risks such as the above described finishing house, and further held himself out as an agent authorized to write insurance for the Farmers Mutual Insurance Association of Hull, Iowa, and authorized to bind and act for said company.

"9. That on June 21, 1968, the swine finishing house and the swine therein were wholly destroyed by fire.

"10. That the Farmers Mutual Insurance Association, has alleged that the Plaintiffs did not have coverage as represented by the Defendant and have, on that basis, refused to make payment to the Plaintiffs for various items of personal property including the swine destroyed in said swine finishing house.

"11. That said refusal, if it is valid, is as a result of the errors and omissions on the part of the Defendant.

"WHEREFORE, the Plaintiffs demand judgment against the Defendant in the sum of Twenty-seven Thousand and No/100 ($27,000.00) Dollars together with interest from the date of judgment and for the costs of this action.

## "COUNT TWO

"That Plaintiff, Willis Wolfswinkel, for an additional cause of action states:

"1. That the Plaintiff, Willis Wolfswinkel, renews and repeats the material allegations of Count One of the Petition of Law, and by this reference makes all of the allegations in said paragraphs a part of Count Two hereof, the same as though fully set forth herein.

"2. That Defendant, Bert C. Gesink, by reason of failing in his undertakings to fully insure the Plaintiff, Willis Wolfswinkel, as hereinbefore alleged, has damaged the Plaintiff, Willis Wolfswinkel, in the following respects:

"1. Cost of interest on monies borrowed for original purchase of said destroyed livestock.

"2. Impairment of credit and financing because of inability to make timely repayment of production loans.

"3. The reconstruction of the swine finishing unit has been postponed beyond seasonable construction weather, and forced reduction in valuable breeding stock disposal of young swine, and overall impairment of operating unit efficiency.

"WHEREFORE, the Plaintiff, Willis Wolfswinkel, demands judgment against the Defendant for the sum of Forty Thousand and No/100 ($40,000.00) Dollars."

On October 8, 1969 defendant filed this motion:

"Comes now the Defendant and moves to dismiss Count I of Plaintiffs' petition for all of the following reasons, to-wit:

"1. That said petition fails to allege any damages upon which a prayer for judgment may be based.

"2. That it affirmatively appears from the face of Count I of the petition that there has been no final determination of liability as between the Plaintiffs and their insurance carrier and therefore no alleged cause of action against this Defendant has as yet accrued.

"Comes now the Defendant and moves the Court to dismiss Count II of Plaintiffs' petition for all of the following reasons, to-wit:

"1. For all of the reasons urged in Defendant's motion to dismiss Count I of Plaintiffs' petition.

"2. That the items of alleged damages set forth in sub-paragraphs 1, 2 and 3 of paragraph 2 of said Count II are not items of damages legally recoverable under Iowa Law."

On November 17, 1969 defendant amended his motion as follows:

"Comes now the Defendant and amends his Motion to Dismiss Count I and Count II of Plaintiffs' petition by including the following additional grounds therefor:

"3. That said petition shows upon its face that Defendant was an agent for a disclosed principal and as such is not liable to Plaintiffs: their cause of action, if any, being against the Farmers Mutual Insurance Association of Hull, Iowa.

"4. That Plaintiffs' petition shows upon its face that the alleged negligence of this Defendant, if any, occurred upon the 1st day of September, 1964, more than two years before the filing of Plaintiffs' petition and that therefore Plaintiffs' alleged cause of action against this Defendant is barred by the statute of limitations."

The lower court's order of November 17, 1969 stated:

"Defendant's Motion to Dismiss is sustained as to grounds 1 and 2 directed to Count I of Plaintiffs' Petition, and is sustained as to grounds 1 and 2 directed to Count II of Plaintiffs' Petition.

"The Amendment to the Motion to Dismiss is overruled as to paragraph number 3 thereof and sustained as to paragraph 4 thereof.

"Plaintiffs' Petition is dismissed at Plaintiffs' costs."

Plaintiffs have appealed and in their brief and argument assign three errors for reversal. They assert the trial court erred in sustaining defendant's motion to dismiss for the reason (1) plaintiffs' cause of action was not barred by the statute of limitations, (2) their cause of action had accrued and (3) plaintiffs had not failed to allege damages.

I. Under their first assigned error plaintiffs argue two propositions. First they contend their petition is sufficient to sustain a holding their action is on an oral contract and therefore it was brought well within the five year limitation set for such actions by the provisions of Code section 614.5. Their second proposition is the petition sounds partially in tort but that the two year limitation set by Code section 614.3 starts to run only after some damage has been suffered and the tort has been completed. Defendant contends plaintiffs' action sounds in tort and the two year limitation period starts with the negligent breach of duty established by the claimed oral agreement.

43 Am.Jur.2d, Insurance, section 174, pages 230, 231, states: "As a general rule, a broker or agent who, with a view to compensation for his services, undertakes to procure insurance for another, and unjustifiably and through his fault or neglect, fails to do so, will be held liable for any damage resulting therefrom. The agent or broker is liable on the theory that he is the agent of the insured in negotiating for a policy and that he owes a duty to his principal to exercise reasonable skill, care, and diligence in effecting the insurance. He may be sued for breach of contract or negligent default in the performance of a duty imposed by contract, at the election of his client." See also Chrischilles v. Griswold, 260 Iowa 453, 459, 150 N.W.2d 94, 98, 99; 44 C.J.S. Insurance § 172b; 16 Appleman, Insurance Law and Practice, section 8831.

■ Assuming, arguendo, plaintiffs' petition sounds only in tort we must conclude the two year statute of limitations had not run when they filed their petition as it was filed less than two years after their property was destroyed by fire.

■ There must be actual loss to the interest of another before a cause of action accrues. Generally, the wrong or negligence of the party charged gives in itself no right of action to anyone. The injury is traceable to the original wrongful or negligent act, but until this act produces injury to claimant's interest by way of loss or damage, no cause of action accrues. Chrischilles v. Griswold, supra, 260 Iowa 453, 459, 461, 150 N.W.2d 94, 99; Andersen v. National Presto Industries, 257 Iowa 911, 916, 135 N.W.2d 639, 641; Prosser, Law of Torts, 3rd Ed., page 146; Austin v. Fulton Insurance Company, Alaska, 444 P.2d 536, 539; Mansfield v. Federal Services Finance Corporation, 99 N.H. 352, 111 A.2d 322, 324; Spurlin v. Paul Brown Agency, Inc., 80 N.M. 306, 454 P.2d 963, 964. The last three cited authorities involve actions for failure to furnish insurance coverage and hold the statute of limitations begins to run only from the date of loss or actual damage.

In 51 Am.Jur.2d, Limitation of Actions, section 135, pages 704, 705, the editor states: "It is important to note, however, that where the original wrong is not of itself actionable without injury or special damage, an action therefor is not for the wrongful act, but solely for the consequences, and it has been held that the statute does not attach until the injury or damage ensues. In this, as in all cases, the statute cannot begin to run until a right of action exists, and such a right does not exist until an injury has occurred."

■ II. The trial court erred in sustaining defendant's motion to dismiss on the ground it appeared in the petition plaintiffs had no final determination of possible liability of the insurance carrier. Their allegation that Farmers Mutual Insurance Association had refused to pay their claim loss was sufficient. Johnson v. Illini Mutual Insurance Company, 18 Ill. App.2d 211, 151 N.E.2d 634, 637; Harris v. A. P. Nichols Inv. Co., Mo.App., 25 S.W. 2d 484, 488; Scharles v. N. Hubbard, Jr., & Co., 74 Misc. 72, 131 N.Y.S. 848, 851; 16 Appleman, Insurance Law and Practice, section 8831, page 452.

In 44 C.J.S. Insurance § 172b, page 863, it is noted: "It is not necessary for insured, in order to recover from the broker or agent, to show that he has sued the insurance company, it being sufficient to show that the policy is defective or invalid and that the company has refused to pay either in whole or in part."

■ III. Plaintiffs' remaining assigned error is the trial court erred in ruling their petition failed to properly allege damages. Defendant argues plaintiffs' failure to allege that as a result of defendant's conduct they suffered a certain amount of damages justified dismissal of the petition. While

plaintiffs' petition is not a model of clarity in this regard and defendant's argument could have been met by a simple amendment, we do not agree with the trial court's ruling plaintiffs had failed to sufficiently plead damages. Plaintiffs' petition alleges a request for $20,000 coverage on the swine finishing house and equipment therein, defendant's promise and assurance of coverage and total loss thereof by fire on June 21, 1968.

It is now well established that where a doubtful pleading is directly attacked by motion before issue or in the answer as permitted by rule 72, Rules of Civil Procedure, it will be resolved against the pleader. This rule is qualified, however, by the additional provision that if the petition does allege ultimate facts upon which plaintiffs might recover and states a claim under which evidence may be introduced in support thereof, the petition should be construed in the light most favorable to the plaintiff with doubts resolved in his favor and the allegations accepted as true. Nelson v. Wolfgram, Iowa, 173 N.W.2d 571, 573, and citations.

In Ke-Wash Company v. Stauffer Chemical Company, Iowa, 177 N.W.2d 5, 9, we say: "A motion to dismiss is sustainable only where it appears to a certainty a plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claims asserted by him."

IV. It must be noted plaintiffs did not assign error in their opening brief as to the trial court's ruling "that the items of alleged damages set forth in sub-paragraphs 1, 2 and 3 of paragraph 2 of said Count II are not items of damages legally recoverable under Iowa law." Some attack on that ruling is made for the first time in plaintiffs' reply brief but it comes too late. A point raised for the first time in the reply brief will not be considered by this court. Rule 344(a) 4, (third), R.C.P.; Farrington v. Freeman, 251 Iowa 18, 26, 99 N.W.2d 388, 393; Ames v. Board of Supervisors, 234 Iowa 617, 623, 12 N.W.2d 567, 570, 571, and citations. The above quoted basis for the trial court's dismissal of Count II not having been properly attacked on appeal we necessarily allow dismissal of Count II of plaintiffs' petition to stand.

We hold the trial court erred in dismissing Count I of plaintiffs' petition and this cause is remanded for further proceedings thereunder.

Reversed and remanded.

All Justices concur.