Richard E. UCHTORFF, Appellant,

v.

David H. DAHLIN, Clerk of the
District Court of Iowa for Scott
County, Appellee.

No. 83–1435.

Supreme Court of Iowa.

Feb. 13, 1985.

John J. Carlin of John J. Carlin, P.C., Davenport, for appellant.

William E. Davis, County Atty., and Thomas C. Fritzsche, Asst. County Atty., for appellee.

REYNOLDSON, Chief Justice.

The fighting issue presented by this appeal is whether the district court erred in granting defendant's motion for summary judgment on grounds plaintiff failed to commence his tort action within six months of his injury as required by Iowa Code section 613A.5.[1]

We first set out the facts of the underlying dissolution action that spawned this case. In the summer of 1982, plaintiff Richard E. Uchtorff was a respondent in a dissolution of marriage action brought by his wife in the district court for Scott County. July 7, 1982, the district court entered the dissolution decree. July 9, Uchtorff filed an Iowa Rule of Civil Procedure 179(b) motion to enlarge. October 8, 1982, the district court ruled on Uchtorff's motion and filed the order. Uchtorff did not receive notice of the order until January 19, 1983, because the clerk of court neglected to mail copies to the parties as he was required to do by Iowa Rule of Civil Procedure 82(f).[2]

February 15, 1983, Uchtorff filed his notice of appeal from the July 7 decree. Since Uchtorff's January 19 receipt of the order was outside the thirty-day appeal time, see Iowa Rule of Appellate Procedure 5(a), he apparently proceeded on the belief that a valid appeal could be made within thirty days of the time he had notice of the court's ruling on the rule 179(b) motion. March 18, 1983, this court dismissed Uchtorff's appeal for lack of jurisdiction.

March 28, 1983, Uchtorff served notice of claim upon defendant David H. Dahlin, clerk of the Scott County district court, pursuant to Iowa Code chapter 613A, alleging damage in the amount of $57,800. June 27, 1983, Uchtorff filed his petition seeking "fair and equitable" relief. He alleged his injury occurred on March 18, 1983, the date this court dismissed his appeal.

August 18, Dahlin moved for summary judgment on alternative grounds. First, he argued Uchtorff's claim was barred because it was not commenced within six months of November 8, 1982, the date Uchtorff was injured, as required by Iowa Code section 613A.5. Second, Dahlin argued the sole proximate cause for the loss of Uchtorff's appeal was the latter's failure to file a petition for modification under Iowa Rules of Civil Procedure 252 and 253 following his January 19, 1983, knowledge of the filing of the October order. Uch-

---

**1.** Section 613A.5 provides:

Every person who claims damages from any municipality or any officer, employee or agent of a municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 or section 613A.8 or under common law shall commence an action therefor within six months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. Failure to state time or place or circumstances or the amount of compensation or other relief demanded shall not invalidate the notice; providing, the claimant shall furnish full information within fifteen days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two years after such notice.

**2.** Iowa Rule of Civil Procedure 82(f) provides:

Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in this rule upon each party except a party against whom a default has been entered and shall make a note in the docket of the mailing. . . .

. . . Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the district court to relieve a party for failure to appeal within the time allowed.

torff resisted, arguing that since his injury did not occur until March 18, 1983, his June 27 filing complied with Iowa Code section 613A.5.

September 15, the district court sustained Dahlin's motion. The court reasoned that, in attempting to set the date of his injury at March 18 rather than November 8, Uchtorff was attempting to invoke the discovery rule. Relying on *Montgomery v. Polk County,* 278 N.W.2d 911 (Iowa 1979), the trial court held the discovery rule does not apply to chapter 613A actions.

October 13, 1983, Uchtorff filed a notice of appeal. We transferred the case to the court of appeals, which reversed and remanded. Upon Dahlin's application for further review, we vacate the court of appeals opinion and affirm the district court.

This appeal turns on two questions: (1) Did the trial court err in holding the discovery rule does not apply to chapter 613A actions? (2) Was Uchtorff injured within the meaning of section 613A.5 on November 8? We discuss these issues in the divisions that follow.

■ I. Our decisions hold the discovery rule does not apply to actions brought under chapter 613A of the Code. The argument that the rule should apply has been presented twice to this court and rejected twice by the majority. *See Farnum v. G.D. Searle & Co.,* 339 N.W.2d 392, 396 (Iowa 1983); *Montgomery,* 278 N.W.2d at 914–15. Though Uchtorff urges us to overrule *Farnum* and *Montgomery,* the majority of this court is not persuaded to do so.

Uchtorff attempts to avoid the *Montgomery* rule by pointing out his petition alleges he was not injured until March 18. This bare statement, Uchtorff argues, distinguishes his case from *Montgomery,* where on the face of the petition plaintiff alleged a date of injury more than six

months prior to commencement of suit.[3] The rule of *Montgomery* cannot be so easily avoided. The majority opinion was grounded on the distinction between common law and statutory causes of action, not the manner of plaintiff's pleading. *Montgomery* would be eviscerated if its holding could be avoided by clever pleading.

II. Uchtorff argues he met the six-month limitation requirement of Iowa Code section 613A.5 because he was injured on March 18 and commenced his action on June 27. Dahlin argues that Uchtorff did not meet the requirement because he was injured on November 8 and did not commence his suit until June 27. Thus, the controlling question in this appeal is the date of Uchtorff's injury.

■ There must be damage to a plaintiff as a result of defendant's wrongful act for there to be an accrued cause of action. *Wolfswinkel v. Gesink,* 180 N.W.2d 452, 456 (Iowa 1970). A negligent act in itself gives no right of action. "The injury is traceable to the original wrongful or negligent act, but until this act produces injury to claimant's interest by way of loss or damage, no cause of action accrues." *Id.* Uchtorff relies on *Wolfswinkel* to buttress his argument that Dahlin's October 8 negligent act did not, of itself, give rise to a cause of action.

The facts of *Wolfswinkel* distinguish it from the case before us. There the plaintiff insured sued the defendant insurance agent less than two years after plaintiff's hoghouse was destroyed, but more than two years after defendant, according to the petition, negligently informed him that the structure was insured. *Id.* at 455–56. This court held the limitations statute did not bar the action because defendant's negligence did not cause damage until the hoghouse burned. *Id.* at 456. The court reasoned that, until the hoghouse burned, de-

---

**3.** The language of *Montgomery* to which Uchtorff specifically refers appears at page 912:

The way *Montgomery* presented her claim is important to the analysis of the case. She did not proceed against the *clerk for failure to pay over on demand.* Instead she proceeded un-

der the Municipal Tort Claims Act against the *public body for the clerk's negligence in paying the money to the wrong person on January 18, 1977.*

(Emphasis in original.)

fendant's failure to procure insurance caused plaintiff no harm. Therefore, plaintiff had no right to maintain suit at that time. For further "negligent act-time of damage" dichotomy, see *Slater v. Farmland Mutual Insurance Co.*, 334 N.W.2d 728, 730 (Iowa 1983); and *Stoller Fisheries, Inc. v. American Title Insurance Co.*, 258 N.W.2d 336, 341 (Iowa 1977).

 In the instant case, it is more difficult to determine when the damage caused by Dahlin's negligent act occurred. Although Uchtorff insists he was not damaged until March 18, our rules of civil procedure and case law do not support him. The final sentence of Iowa Rule of Civil Procedure 82(f) states:

> Lack of notice of the entry by the clerk does not affect the time to appeal....

*Estate of Young*, 273 N.W.2d 388, 390–91 (Iowa 1978), held that where, through negligence of the clerk, parties are notified of the entry of an order beyond the appeal time, a petition under rules 252 and 253 will renew the time for appeal. *See also Robco Transp. v. Ritter*, 356 N.W.2d 497, 498–99 (Iowa 1984). A direct appeal, taken at the time notice of the order is received but outside the thirty-day period, is doomed to failure by Iowa Rule of Civil Procedure 82(f). *Young*, 273 N.W.2d at 391. Despite *Young*, Uchtorff took a direct appeal when he received untimely notice of the October 8 order. The direct appeal was futile because it was taken outside the thirty-day period.[4] Because an appeal cannot be taken beyond the thirty-day period without special leave of this court, we hold Uchtorff was injured on November 8.

The court of appeals, resolving this issue in Uchtorff's favor, relied on our rule of appellate procedure 20(b).[5] That approach has two obstacles. First, rule 20(b) was not in effect at the time of the events in question. Second, rule 20(b) permits this court to extend the time for appeal only upon motion of a party within sixty days after expiration of the time for appeal. Uchtorff made no such motion.

 Though our reading of rule 20(b) may be viewed as causing a harsh result in this case, it is in conformity with our case law and rules. Untimely appeals present questions of subject matter jurisdiction. *Robco*, 356 N.W.2d at 498. The fact that lack of subject matter jurisdiction may be raised at any time in a proceeding reflects the seriousness with which courts view jurisdictional matters. *See Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 468 (Iowa 1978). We raise matters of jurisdiction on our own motion. *Id.* Our rules of civil and appellate procedure reflect that concern. District court may not relieve a party who fails to make a timely appeal, even when the failure is wholly due to the fault of another. *See* Iowa R.Civ.P. 82(f). Though we may enlarge or shorten the time prescribed by the rules of appellate procedure for the doing of any act, we are prohibited from enlarging the time for appeal except for the limited power provided by Iowa Rule of Appellate Procedure 20(b).

---

4. That Uchtorff might have petitioned the court under rules 252 and 253 does not affect our finding that he was injured on November 8. The distinction to be drawn is between injury and the right to petition the court under rules 252 and 253 for relief from the earlier injury.

5. Iowa Rule of Appellate Procedure 20(b) provides:

> The supreme court or a justice thereof may extend the time for filing of a notice of appeal if the supreme court or justice determines that a failure to file a timely notice of appeal was due to the failure of the clerk of the trial court to notify the prospective appellant of the entry of the appealable final judgment or decision. Any motion for such an extension of time must be filed with the clerk of the supreme court and served not later than sixty days after the expiration of the time prescribed by rule 5"a", rules of appellate procedure, for taking an appeal. The motion and any resistance thereto may be supported by copies of relevant portions of the record and by affidavits which shall be the only form of evidence received. An informational copy of any such motion shall be filed by the moving party with the clerk of district court. No such extension shall exceed sixty days past the time prescribed in rule 5"a", rules of appellate procedure, or ten days from the date of entry of the order granting the motion, whichever occurs later.

We hold that, within the meaning of section 613A.5, Uchtorff was injured on November 8. Because he did not file notice of claim within sixty days, or commence suit within six months of that date, as required by section 613A.5, his action is barred. We vacate the court of appeals opinion and affirm the district court ruling that granted Dahlin's motion for summary judgment.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.

All Justices concur except LARSON, HARRIS, and McCORMICK, JJ., who dissent.

LARSON, Justice (dissenting).

I dissent from the majority's refusal to apply the discovery rule for the reasons set out in division II of my dissent in *Montgomery v. Polk County*, 278 N.W.2d 911, 918–27, and for those following.

To require any claimant to sue on a claim of which he is unaware is unrealistic in any case, even those involving traditional, longer, statutes of limitations. Some flexibility, through a "discovery" rule or an equivalent is necessary, and we recognized that in *Chrischilles v. Griswold*, 260 Iowa 453, 150 N.W.2d 94 (1967). In a case with a much shorter limitation, such as the six-month provision of chapter 613A, the need for flexibility in a statute of limitations becomes even more imperative. Yet, while this court has recognized the discovery rule in the former class of cases, as it did in *Chrischilles*, it has denied it in the latter. *See Montgomery*, 278 N.W.2d at 914–18. *See also Farnum v. G.D. Searle & Co.*, 339 N.W.2d 392, 396 (Iowa 1983).

The reason given for refusing to recognize the discovery rule is that, in contrast to "traditional" statutes of limitations, chapter 613A cases are creatures of statute. The time limitations contained in the statute are substantive, and compliance with them is a condition precedent to maintaining an action, according to this theory. *Montgomery*, 278 N.W.2d at 914–15.

The problem with this reasoning is that our tort claims act, which is remedial, is to be liberally construed. It gives no hint that it could not, or should not, accommodate application of the discovery rule. *See Montgomery*, 278 N.W.2d at 918 (McCormick, J. dissenting).

The federal tort claims act, 28 U.S.C. § 2401(b), also contains its own time limitation, providing that

[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Despite that fact, federal cases have applied the discovery rule to actions under that act. *See, e.g., Casias v. United States*, 532 F.2d 1339 (10th Cir.1976); *Reilly v. United States*, 513 F.2d 147 (8th Cir. 1975); *Jordan v. United States*, 503 F.2d 620 (6th Cir.1974); *Ciccarone v. United States*, 486 F.2d 253 (3rd Cir.1973); *Quinton v. United States*, 304 F.2d 234 (5th Cir.1962).

The United States Supreme Court, moreover, has observed that

[t]he distinction between substantive and procedural statutes of limitations appears to have arisen in cases involving conflicts of laws, [Authorities cited.]. While the embodiment of a limitation provision in the statute creating the right which it modifies might conceivably indicate a legislative intent that the right and limitation be applied together when the right is sued upon in a foreign forum, the fact that the right and limitation are written into the same statute does not indicate a legislative intent as to whether or when the statute of limitations should be tolled. Thus the "substantive"—"procedural" distinction would seem to be of little help in deciding questions of extending the limitation period.

*Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 427, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941, 944, n. 2 (1965).

In enacting chapter 613A, allowing suits against municipalities, our legislature took a large step toward fairness; a person unaware of his claim should not be denied recourse simply because he was injured by a municipality. The notion that "the king can do no wrong," it must have reasoned, is patently unfair. As I noted in my earlier dissent, however, the king can still do wrong with impunity—provided the injured party is unaware of it for six months or more. This result is not mandated by our tort claims act; it is in fact repugnant to its remedial purposes.

HARRIS and McCORMICK, JJ., join this dissent.