Lavetta L. COLLINS, Individually and as Surviving Spouse of John V. Collins, and Margaret Birmingham, Administrator of the Estate of John V. Collins, Appellants,

v.

FEDERAL LAND BANK OF OMAHA, A Corporation, Ida County State Bank, Eugene Knop, and Alvin J. Ford, Appellees.

No. 86–182.

Supreme Court of Iowa.

March 16, 1988.

Alfredo G. Parrish and Elizabeth S. Kruidenier of Parrish & Kruidenier, Des Moines, for appellants.

Marvin F. Heidman and John C. Gray of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, for appellee Alvin J. Ford.

Janet J. Brown and William Kevin Stoos of Klass, Wicher & Mishne, Sioux City, for appellees Ida County State Bank and Eugene Knop.

William L. Edmonds of Carter, Sar, Edmonds & Green, Sioux City, for appellee Federal Land Bank of Omaha.

CARTER, Justice.

Plaintiff Lavetta Collins and the administrator of her deceased husband's estate appeal from an order dismissing their legal malpractice claims against defendant Alvin J. Ford. These claims were dismissed on the ground that they had become the property of the Collinses' bankruptcy estate and therefore could not be pursued in plaintiffs' own behalf.

Plaintiffs have also appealed the dismissal of claims against three other defendants in the case. As to the defendants other than Ford, we deem plaintiffs' failure to argue any substantive issue in their appellants' brief a waiver of any justiciable issue on appeal. *See* Iowa R.App.P. 14(a)(3). We therefore affirm the judgments in favor of those defendants.

Some of the claims against defendant Ford are unrelated to each other both in time and in the chain of causal consequences alleged to flow from the claimed omissions. Because we find that one of these claims is divisible from the rest and did not accrue until after the filing of the Collinses' bankruptcy petition, we find that claim to be the property of plaintiffs.

Plaintiff Lavetta Collins and her late husband, John, were owners and operators of a family farm in Ida County. In 1981, they signed a promissory note in favor of the Federal Land Bank for $188,500.00, secured by a mortgage on their farm. Collinses became delinquent on the loan. When the Federal Land Bank informed them in March 1984 that they faced foreclosure, they employed attorney Ford. That association led to the filing of a voluntary petition in bankruptcy by the Collinses under chapter 7 of title 11 of the United States Code.

Plaintiffs filed the present civil damage action against defendant Ford and others on May 31, 1985. In their claim against Ford, they make the following allegations:

[T]he defendant, Alvin J. Ford, was negligent in the following respects:

a. When the Plaintiffs were notified March 29, 1985 by the Defendant Federal Land Bank of Omaha that their loan was

to be accelerated, Defendant Ford failed to notify Plaintiff Collins of their right to appeal.

b. Defendant Ford failed to inform Plaintiffs Collins that when they signed the documents relating to the receivership they were forfeiting their rights to farm their land or to lease parts of it themselves.

c. Defendant Ford informed "Collins" that they need not appear at the hearing on the receivership and assured them that he would represent them at the hearing.

d. Defendant Ford failed to attend the receivership hearing himself, and, consequently, the Collins were deprived of the right to present their case.

e. Defendant Ford urged the Plaintiffs to file the bankruptcy under Chapter [7] rather than under Chapter [11] resulting in their being unable to farm the land as they would have under Chapter [11].

f. On one occasion Defendant Ford refused to request a delay needed by the Plaintiffs because he felt he was getting along so well with the lawyer for Defendant Federal Land Bank of Omaha that he didn't want to do anything that might cause trouble.

In dismissing plaintiffs' claims against defendant Ford, the district court concluded that any causes of action asserted by plaintiffs, "whether arising before the commencement of the bankruptcy action or after the commencement of the bankruptcy action," were the property of the bankruptcy estate and not the property of plaintiffs. Other facts which bear upon our disposition of the appeal are stated and considered in our discussion of the legal issues which are presented.

## I. Right of Bankruptcy Trustee to Succeed to Debtors' Causes of Action.

Plaintiffs argue that Collinses' claim against attorney Ford was not an "interest in property" which passed to their trustee in bankruptcy under 11 U.S.C. section 541(a)(1). They further assert that it is not an interest in property which the bankruptcy estate acquired after the commencement of the bankruptcy proceeding so as to qualify as the trustee's property under 11 U.S.C. section 541(a)(7). Notwithstanding defendant Ford's forceful rejoinder, we agree with these contentions as to one of plaintiffs' legal malpractice claims which we find to be divisible from the others.

◼ Whether a trustee in bankruptcy succeeds to property of the debtor in a chapter 7 bankruptcy under 11 U.S.C. section 541(a)(1) turns on whether the debtor has a legal or equitable interest in the property under applicable state law at the time the bankruptcy petition is filed. Ownership of causes of action is determined under the same rules that apply to other property interests. The rule on what causes of action are acquired by the trustee under the present bankruptcy code is stated as follows in 4 *Collier on Bankruptcy* ¶ 541.10[1] (15th ed. 1987):

> [T]he estate created pursuant to section 541(a) includes causes of action *belonging to the debtor at the time the case is commenced.*

*Id.* (emphasis added). In light of this distinction, the trial court erred by assuming that it made no difference whether the debtor's cause of action accrued before or after the filing of the federal bankruptcy petition. This error of law requires reversal of the judgment unless it clearly appears as a matter of law that the cause of action arose prior to the filing of the bankruptcy petition.

Under the federal bankruptcy act in existence prior to the Bankruptcy Reform Act of 1978, the Supreme Court mandated that, in determining the property of the debtor to be included in the bankruptcy estate, resort must be had to state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136, 141 (1979). This recognition of the paramount role of state law in defining the property interests which pass to the trustee has been extended to interpretation of the phrase "all legal or equitable interests of the debtor in property" under the current federal bankruptcy code. *Matter of Roach*, 824 F.2d 1370,

1374 (3d Cir.1987); *Wilson v. Bill Barry Enters.*, 822 F.2d 859, 861 (9th Cir.1987).[1]

Under Iowa law there must be actual loss to the interest of another before a cause of action accrues. *Wolfswinkel v. Gesink,* 180 N.W.2d 452, 456 (Iowa 1970); *Chrischilles v. Griswold,* 260 Iowa 453, 459, 150 N.W.2d 94, 98–99 (1967). The theory that there is no cause of action until there is an injury which needs to be remedied is aptly expressed in the following excerpt from a federal court opinion:

> Except in topsy-turvy land, you can't die before you are conceived, or be divorced before you marry, or harvest a crop never planted, or burn down a house never built, or miss a train running on a nonexistent railroad. For substantially similar reasons, it has always heretofore been accepted, as a sort of logical "axiom," that [a cause of action cannot accrue] before that cause of action exists, *i.e.,* before a judicial remedy is available to a plaintiff.

*Dincher v. Marlin Firearms Co.,* 198 F.2d 821, 823 (2d Cir.1952).

We stated this principle as follows in *Wolfswinkel:*

> There must be actual loss to the interest of another before a cause of action accrues. Generally, the wrong or negligence of the party charged gives in itself no right of action to anyone. The injury is traceable to the original wrongful or negligent act, *but until this act produces injury to claimant's interest by way of loss no damage, no cause of action accrues.*

*Wolfswinkel,* 180 N.W.2d at 456 (emphasis added). We have approved this no-harm-no-foul principle in actions for professional negligence. In a case involving a claim that an architect did not prepare design specifications with a reasonable degree of technical skill, we stated that

the general rule is that a cause of action accrues when the aggrieved party has a right to institute and maintain a suit.... It is true the injury is traceable to the original wrongful act or negligent act, but until this act produced injury to plaintiff's interest by way of loss or damage, no cause of action accrued.

*Chrischilles,* 260 Iowa at 459, 150 N.W.2d at 99–100.

In their legal malpractice claims against defendant Ford, plaintiffs have alleged six separate acts of negligence. Five of the six acts concern defendant Ford's failure to advise the Collinses of their rights under the Federal Land Bank mortgage and failure to prevent a receivership from being established. These allegations appear to involve conduct occurring prior to the filing of the bankruptcy petition which caused prejudice, and conceivable economic loss to the Collinses prior to their bankruptcy filing.

The sixth act of negligence, as alleged in subparagraph *e* of the petition, is that defendant Ford "urged the [Collinses] to file the bankruptcy under Chapter [7] rather than under Chapter [11], resulting in their being unable to farm the land as they would have under Chapter [11]." Plaintiffs' theory of injury on that claim is that the election made by the chapter 7 filing mandated liquidation of their farm and deprived them of the opportunity to save the farm through debtor rehabilitation under chapter 11. Plaintiffs seek recovery for the economic consequences of that election. We fail to discern how any adverse economic consequences produced by the chapter 7 election could have impacted on the Collinses until after the chapter 7 petition was filed.

The act alleged in subparagraph *e* states a separate cause of action which exists independently from the other five allegations of negligence. As we have previously

---

1. Prior to the Bankruptcy Reform Act of 1978, there were two separate and independent determinations required to be made under applicable state law. These were (1) whether a particular property interest existed in the debtor at the time the bankruptcy petition was filed, and (2) whether that interest could be transferred, levied upon, or sold under judicial process. Under the present bankruptcy code, the second determination has been eliminated, but not the first. *See* 4 *Collier* ¶ 541.08.

noted, no cause of action accrues under Iowa law until the wrongful act produces injury to the claimant. Consequently, for purposes of 11 U.S.C. section 541(a)(1), that cause of action was not in existence at the time the bankruptcy petition was filed. We therefore conclude the court should not have dismissed plaintiffs' claim under subparagraph *e* of the petition relating to post-bankruptcy injury. The claims arising under the other five specifications of negligence were properly dismissed without prejudice to the right of the trustee in bankruptcy to subsequently seek recovery for those alleged breaches.

II. *Applicability of 11 U.S.C. Section 541(a)(7).*

■ In ascribing ownership of the disputed cause of action to the Collinses' bankruptcy trustee, the district court appeared to place some reliance on 11 U.S.C. section 541(a)(7). We conclude that such reliance was misplaced. That statute indicates that, in addition to acquiring "all legal or equitable interest of the debtor in property as of the commencement of the case," the trustee also acquires "any interests in property that the estate acquires after the commencement of the case." The wording of this statute suggests that it relates to assets which the trustee acquires in the process of administering the bankruptcy estate. *See* 4 *Collier on Bankruptcy* ¶ 541.20 (15th ed. 1987). As such, we do not believe this statute is designed to defeat property interests which, under applicable state law, vest in the debtors after they have attained postfiling "fresh start" status.

The judgment is affirmed as to the claims of those defendants other than defendant Ford. The judgment is also affirmed as to the claims against defendant Ford embraced by subparagraphs *a, b, c, d,* and *f* of plaintiffs' claims against defendant Ford. The judgment is reversed as to the claim against him based upon the filing of the bankruptcy petition. The case is remanded to the district court for further proceedings on that claim not inconsistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

All Justices concur except HARRIS, J., and McGIVERIN, C.J., who dissent, and SCHULTZ and SNELL, JJ., who take no part.

HARRIS, Justice (dissenting).

My difference with the majority is a small one. The majority holds that nearly all of plaintiffs' malpractice claim belongs to the bankruptcy estate. I think it all does.

All legal services which gave rise to the malpractice claim, all advice on the form and nature of the petition, the drafting and signing of it, were completed prior to the filing of the bankruptcy petition. The majority salvages one part of the claim against one of the defendants by stating that the economic consequences of the challenged advice impacted after the filing of the petition in bankruptcy. I disagree on both factual and legal grounds.

The majority states that the economic consequences of the alleged malpractice occurred *after* the filing of the bankruptcy petition. But even accepting plaintiffs' legal theory they arose no later than *with* the filing.

Unlike the majority I think there is merit in Ford's argument based on 11 U.S.C. section 541(a)(1) which states that a bankruptcy estate comprises "all legal or equitable interest in the debtor in property *as of* the commencement of the case." (Emphasis added.) The majority dismisses the wording of the statute, stating it is not "designed to defeat property interests which ... vest in debtors *after* they have attained post filing 'fresh start' status." (Emphasis added.)

I think the line drawn by congress is significant because it indicates when congress believed the interests of the bankrupt stopped being assigned to the bankruptcy estate under 11 U.S.C. section 541(a)(1). The term "as of" suggests to me that congress was aware that claims be-

longed in the bankruptcy estate unless they arose *after* the filing of the petition.

I would affirm.

McGIVERIN, C.J., joins this dissent.