In re O.J. OSBORN, SSN 458–48–1065
and Roma Lou Osborn, SSN
443–36–5534, Debtors.

Bankruptcy No. 87–71480.

United States Bankruptcy Court,
E.D. Oklahoma.

Dec. 30, 1994.

Kenneth G.M. Mather, Trustee, Tulsa, OK.

Keith J. Hocker, Norman, OK, for debtors.

Mark Craige, Tulsa, OK, for Durant Bank & Trust.

Joe Stamper, Antlers, OK, for Richard C. Lerblance.

### ORDER

TOM R. CORNISH, Bankruptcy Judge.

On the 7th day of December, 1994, the Motion to Direct Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542 and Bankruptcy Rule 1019(4) filed by the Trustee, and the Debtors' Objection to Trustee's Motion to Direct Turnover of Property and Brief in Support of Objection came on for hearing. Counsel appearing in person were Kenneth G.M. Mather, Trustee; Keith J. Hocker for the Debtors; and Joe Stamper for Richard Lerblance.

After a review of the above-referenced pleadings and hearing arguments of counsel, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed.R.Bankr.P., in this core proceeding:

### FINDINGS OF FACT

1. This bankruptcy case was commenced as an involuntary bankruptcy proceeding initiated by Durant Bank & Trust on December 30, 1987. Thereafter, the case was converted to Chapter 11 by the Debtors and then ultimately converted to a Chapter 7 liquidation on July 28, 1989.

2. The Debtors initiated a cause of action for legal malpractice against Richard Lerblance by filing a Petition in Bryan County, Oklahoma on January 4, 1991. This Petition was filed *pro se*. An Order dismissing the Petition was entered on March 11, 1991. Thereafter, a second Petition was filed by the Debtors in Pittsburg County, Oklahoma on March 13, 1991. An Order dismissing that cause of action was entered on June 12, 1991. On December 4, 1991, a third action was filed against Mr. Lerblance alleging malpractice. The Debtors, in the state court action, are pursuing a legal malpractice claim because Mr. Lerblance allegedly caused the Debtors to lose their homestead in Dallas, Texas and caused the Debtors to enter into an agreed judgment with Durant Bank & Trust determining a $225,000 debt on their farm to be nondischargeable.

3. The Trustee argues that the Debtors did not notify him of the action against Mr. Lerblance. On or about August 6, 1990, Debtors filed an amendment to Schedule B–3 alleging a claim against "Durant Bank & Trust and others." The Trustee's counsel conducted a 2004 examination of O.J. Osborn in an effort to determine the nature of the claim against Durant Bank & Trust and others. At the 2004 examination, the Debtors were vague at best about their claim to the Trustee's counsel.

4. The parties stipulate that the malpractice, if any, occurred during the course of the Chapter 11 proceeding.

### CONCLUSIONS OF LAW

A. The unique issue before this Court is to whom the cause of action against Mr. Lerblance belongs, the Trustee or the

Debtors. This case was a Chapter 11 proceeding and no Trustee was appointed. The Debtors in possession represented the estate. The Debtors in possession hired Mr. Lerblance to represent them as Debtors in possession or, in essence, the estate. Under Oklahoma law, the requirements of a legal malpractice claim are:

(1) An attorney client relationship;

(2) an injurious breach of professional duty with lawyers or their clients;

(3) actual damages.

*See, Haney v. State,* 850 P.2d 1087 (Okla. 1993); *Erwin v. Frazier,* 786 P.2d 61, 64 (Okla.1989).

The Osborns personally did not have an attorney client relationship with Mr. Lerblance. Mr. Mather, the Trustee in the present case after conversion, now represents the estate and thus, as Trustee, he represents the same interests as did Mr. Lerblance in the Chapter 11 proceeding.

■■■ B. Once a bankruptcy proceeding has been commenced, title and freedom to dispose of property formerly belonging to the debtor has been relinquished. *In re Garrett,* 158 B.R. 859 (Bankr.M.D.Fla.1993). The debtor is without the authority to deal with his assets as he has previously done. *Id.* A bankruptcy estate is wholly separate from the debtor and the estate property is not the debtor's property upon filing bankruptcy. *In re Strangis,* 67 B.R. 243 (Bankr.D.Minn. 1986). The debtor in possession acts as a trustee but no longer has title to the property. The debtor in possession acts for the benefit of the creditors, the same as the Trustee. On March 24, 1988, this Court entered its Order authorizing the Debtors in possession to employ Richard C. Lerblance to represent them as the Debtors in possession. Mr. Lerblance was not representing the Debtors personally.

■■■ C. The Debtors argue that their bankruptcy estate was created on the date of filing the Chapter 11 petition and because the claim against Mr. Lerblance accrued subsequent to the filing of the petition, the claim is not part of the estate. The Debtors rely on the principle that property not owned by the Debtors at the time of the filing of the petition, but subsequently acquired, does not become property of the estate. 4 *Collier on Bankruptcy,* ¶ 541.05 at 581-2-24 (15th Ed.1994). However, the claim was owned by the Debtors in possession, rather than the Debtors personally, and upon conversion, the property of the Debtors at the time of the filing of the petition and subsequent property acquired by the estate, or in this case, the debtors in possession, became property of the Chapter 7 estate. *See,* 11 U.S.C. § 541(a)(7).

■■ The Court agrees with the Debtors, that upon conversion, the assets which are property of the Chapter 7 estate are determined with reference to the date of the filing of the original Chapter 11 petition. *See, Patrick A. Casey, P.A. v. Hochman,* 963 F.2d 1347, 1350 (10th Cir.1992). The Debtors rely heavily on *Hochman.* However, in *Hochman,* the debtors' invention and patent thereof did not arise until after the filing of the bankruptcy petition. The invention was created by the debtors personally and not by the estate. The *Hochman* case is distinguishable from the instant case since the legal malpractice claim is property of the estate rather than property of the Debtors. The Debtors also rely on *Collins v. Federal Land Bank of Omaha,* 421 N.W.2d 136 (Iowa 1988), where the Court found that no cause of action accrued under Iowa law until the wrongful act produced an injury to the claimant. Thus, since the injury did not occur in *Collins* until after the Chapter 7 case was filed, the cause of action accrued to the debtor. *Id.* at 139. However, in this case, the cause of action accrued to the Debtors in possession and not to the Debtors since Mr. Lerblance was hired to represent the Debtors in possession as set forth in this Court's Order of March 24, 1988.

The Bankruptcy Code provides that a debtor may claim exemptions under either state or federal law. The Debtors' counsel argued at the hearing that these monies would be exempt under the personal injury exemption of Okla.Stat.Ann. tit. 31, § 1. The Debtors are claiming exemptions under Texas law and therefore, all exemptions must be found in Texas law. Ironically, Texas does not have a personal injury award exemption.

■ However, the homestead exemption may apply. The merits of the claimed homestead exemption are governed by Texas law since the Debtors elected the state exemption scheme authorized by the Bankruptcy Code. *See,* 11 U.S.C. § 522(b). *See also, Osborn v. Durant Bank & Trust,* 24 F.3d 1199 (10th Cir.1994). The Texas Constitution protects the homestead from forced sale for the payment of all debts. *Vernon's Ann. Tex. Const. Art. XVI § 50.* Thus, any recovery for loss of homestead rights against Mr. Lerblance became exempt under the homestead exemption. *See, Haaland v. Corporate Management, Inc., Trustee,* 172 B.R. 74 (S.D.Cal.1989). The thrust of the Debtors' legal malpractice action against Mr. Lerblance is that they were given erroneous advice to execute an "Agreed Journal Entry of Judgment," resulting in $225,000 of their debts being declared nondischargeable and claiming that mortgaged property as their homestead. No exemptions appear applicable to exempt any recovery for alleged malpractice in advising the Debtors to sign the "Agreed Journal Entry of Judgment." Thus, a recovery pertaining to the alleged malpractice in agreeing to a judgment determining the $225,000 note to be nondischargeable would not be exempt under that scheme.

■ D. The next issue that the Debtors raise is that the Trustee has abandoned the cause of action against Mr. Lerblance. On August 2, 1990, the Debtors amended their Schedule B-3 to list as an asset a claim against "Durant Bank and Trust and others." Thereafter, the Trustee requested a 2004 examination of the Debtors. During the Debtors' 2004 examination, the Debtor, O.J. Osborn, stated in response to who the other people were that he felt he had a claim against as follows:

> Richard Lerblance, we would have a claim against him, you know. I think I've explained to you that he ties in with this thing, too. And also, I think that we would have a claim against FHA in that these letters, I think they send—the same documents I think will show you where FHA was a participant in this agreement as a third party, but they didn't sign it. And yet the Bank came back and denied a loan or denied settlement with the farm plan on the basis of FHA reneging on part of the agreement and giving them an excuse that was an excuse that was in existence far before we ever even entered into this agreement. So I think that FHA will be a party, too, also.

(See, Exhibit E, p. 16, lines 7–17). The majority of the testimony reflected how Mark Craige, the Bank's attorney got him to sign this second agreement which was different from the first (see Exhibit E). Mr. Osborn only talked in vague terms regarding the claim against Mr. Lerblance. Mrs. Osborn testified at her 2004 examination that she did not talk to Mr. Lerblance. (See Exhibit F, p. 7, lines 2–4). She never discussed any particulars about any claim against Mr. Lerblance (See Exhibit F).

The Trustee filed a Final Report on June 2, 1992 stating that "[a]ny property not heretofore abandoned by the trustee is now abandoned and is scheduled on the attached distribution." *Id.* On the attached sheet, setting forth the abandoned property totals, a value of zero is reflected. *Id.* On August 14, 1992, the Order Approving the Trustee's Final Report was entered without objection.

■ There must be some affirmative action on behalf of the Trustee to abandon property of the estate. *See, e.g., In re Motley,* 10 B.R. 141 (Bankr.M.D.Ga.1987). It has never been clear from the Debtors' schedules that they had a meritorious claim against Mr. Lerblance. During the 2004 examination, the Debtors discussed a second agreement which had been changed by Durant Bank & Trust's attorney. The information give to the Trustee's counsel was sketchy at best as to any claim against Mr. Lerblance.

The cases cited by the Debtors in support of the Trustee having abandoned the cause of action against Mr. Lerblance contain facts distinguishable from the case at bar. Those cases deal with instances where the Trustee has taken some affirmative action, such as a "Notice of Abandonment," providing notice and opportunity to interested parties. There has been no such affirmative action taken by the Trustee in this case. Thus, this Court

finds the Trustee has not abandoned the cause of action against Mr. Lerblance.

IT IS THEREFORE ORDERED that the cause of action against Mr. Lerblance as it pertains to the loss of the Debtors' homestead belongs to the Debtors. The cause of action as it pertains to the nondischargeable note is property of the estate. As a result, the Trustee's Motion to Turnover is **granted in part and denied in part.**