In re ANERINBEX, INC., Debtor.

ANERINBEX, INC., Plaintiff,

v.

INTERNATIONAL DECAFFEINATED CORPORATION, Commerce Bank of Tampa, State of Florida, Department of Business Regulation, Division of Alcoholic Beverages and Tobacco, Defendants.

Bankruptcy No. 88–1169–8P1.
Adv. No. 88–434.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 8, 1990.

Joseph Fritz, Tampa, for plaintiff.

R. Jay Harpley, Tampa, for Intern. Decaff.

Thornton Williams, Tallahassee, for Dept. of Business Regulations.

Charles Tatelbaum, Tampa, for Commerce Nat. Bank.

Eusebio Faedo.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 11 reorganization case and the matter under consideration is this Court's Order Determining Validity, Extent and Priority of Liens entered on March 17, 1989, 98 B.R. 573, which was remanded by the District Court for reconsideration in light of the Supreme Court's decision in *California State Board of Equalization v. Sierra Summit,* — U.S. ——, 109 S.Ct. 2228, 104 L.Ed.2d 910 (1989). The matter was originally raised by a Complaint filed by Anerinbex, Inc. (Debtor), which sought an order from this Court determining the validity, extent and priority of liens asserted by Commerce Bank of Tampa, C & S National Bank, International Decaffeinated Corporation and State of Florida, Department of Business Regulation, Division of Alcoholic Beverages and Tobacco (Defendants).

On March 17, 1989, this Court entered its Order which determined that the claims under consideration had the following priority.

First priority was accorded to Commerce Bank of Tampa (Commerce), in that Commerce acquired a valid security interest and first perfected its security interest in the wine inventory of the Debtor by virtue of recording the security agreement and UCC–1 on May 1, 1986.

Second in priority was C & S Bank (C & S), which was entitled to priority over International Decaffeinated Corporation's (IDC) judgment lien.

As to the tax claim of the State of Florida, Department of Regulation, Division of Alcoholic Beverages and Tobacco (State of Florida), this Court held that beverage taxes are not payable upon the liquidation of a wine distributor's inventory in bankruptcy, *citing, In re Cusato Brothers International, Inc.,* 750 F.2d 887 (11th Cir.1985). This Court held that any claim by the State of Florida pursuant to Chapters 561 and 564 Florida Statutes was invalid. A Final Judgment was entered by this Court on June 22, 1989, consistent with the Order Determining Validity, Extent and Priority of Liens and was amended on June 22, 1989.

On June 30, 1989, the State of Florida filed its Notice of Appeal and the Motion for Stay Pending Appeal and certified the question on appeal as whether the bankruptcy judge erred in determining that by applying Title 28 U.S.C. § 960 to the sale of the Debtor's inventory of Spanish table wines, that the sale was not subject to the Florida excise tax set forth in Chapters 561 and 564 Florida Statutes.

The following facts as previously stipulated to by the parties are relevant and germane to the matter under consideration:

Anerinbex, Inc., the Debtor, was a distributor of commodities, including Spanish table wine, at the time relevant to the matter under consideration. At the time of the filing of its Petition for Relief, the only significant asset of the estate was its inventory of wine. On motion of the Debtor and after notice and hearing, the bankruptcy court entered its Order allowing sale of inventory on September 26, 1988. Thereafter, the wine was sold for the total purchase price of $156,352.69. Subsequent to the State of Florida's appeal, this Court, after motion and hearing, entered its Order on Motion to Fix Amount of Claims and Allow Distribution and Request for Payment of the Internal Revenue Service on August 9, 1989, which established the secured lien of Commerce, C & S and IDC in the total amount of $198,418.43, with per diem interest accruing thereafter. Based on this Order, there were no funds remaining in the estate to pay the State of Florida. The State of Florida seeks to impose an excise tax upon the proceeds of the sale of the wine. It is undisputed, however, that no taxes were actually collected on the sale of the wine at the time of the sale. In support of its position, the State of Florida relies on the recent Supreme Court decision, *California State Board of Equalization v. Sierra Summit, Inc.,* — U.S. —, 109 S.Ct. 2228, 104 L.Ed.2d 910 (1989), which held that a California use tax may be imposed on the estate, and if it is, such tax ... is an administrative expense of the debtor.... The narrow question before this Court is whether *Sierra Summit* should be applied retroactively. The State of Florida contends that it should because *Sierra Summit* was decided before the Final Judgment was entered.

The Supreme Court set out the standards for determining "nonretroactivity" in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). There, the Court listed three factors for "nonretroactivity" to be applied:

A) The decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ..., or by deciding an issue of first impression whose resolution was not clearly foreshadowed....

B) The court weighs the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation; and

C) The court weighs the inequity imposed by retroactive application, for where a decision of this court could produce substantial unequitable results if applied retroactively, there is ample basis in our cases for avoiding the the injustice or hardship by a holding of nonretroactivity.

This Court is of the opinion that the third test as spelled out by *Chevron* is the appropriate test to apply in this case. A retroactive application of *Sierra Summit* would produce an inequitable result even though the funds have not yet been distributed. Had the Trustee known at the time of the sale that the State of Florida would be able to tax the proceeds of the sale at a later date, he might have been better off abandoning the wine. The Trustee should be able to rely on the law as it is in effect at the time the case is filed and the sale is held. As the First Circuit in *New England Power Co. v. U.S.,* 693 F.2d 239 (1st Cir. 1982) stated:

Even in case of nonjurisdictional standards, the court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice ... and such is true even when a case is pending on appeal....

To allow retroactive application of the law would allow the State of Florida to review a sale arguably for the last ten years in order to impose a excise tax against the proceeds.

This Court is satisfied that public policy mandates the prospective application of *Sierra Summit* in this case and, therefore, the decision entered by this Court on

March 17, 1989, which determined the validity, extent and priority of liens, shall stand.