**In re Charles C. GARRETT and Charlotte Garrett, Debtors.**

**Bankruptcy No. 91–10857–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 31, 1993.

Charles and Charlotte Garrett, pro se.

Buddy D. Ford, Tampa, FL, trustee.

Alan P. Woodruff, Cape Coral, FL, Harvey Paul Muslin, Tampa, FL, Theresa Rohr, Houston, TX, Patricia Levy Ritsch, Tampa, FL, for trustees.

### ORDER ON TRUSTEE'S MOTION FOR TURNOVER

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion for Turnover filed by the Trustee, Buddy D. Ford (Trustee). The facts relevant to the resolu-

tion of this controversy, as they appear in the record, are as follows:

Charles C. Garrett and his wife Charlotte Garrett (Debtors) filed their voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on August 21, 1991. At the time relevant, Mr. Garrett was employed as a pilot by Eastern Air Lines (Eastern). During the course of his employment, Mr. Garrett participated in the Eastern Air Lines Variable Benefit Retirement Plan for Pilots (Plan B), a defined contribution plan established pursuant to and in compliance with the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Ch. 18.

On March 9, 1989, Eastern filed its Petition for Relief under Chapter 11 of the Bankruptcy Code in the Southern District of New York and while it continued to operate as Debtor-in-Possession, it ceased all of its operation January 18, 1991, and terminated the employment of the pilots, including the employment of Mr. Garrett.

At the time Mr. Garrett was terminated he had approximately $367,000.00 in his plan. Although he and the other participants would have been entitled to receive payment in lump sum, the Plan's administrator imposed a temporary moratorium on the distribution to the participants. The moratorium was not imposed pursuant to any provisions of the Plan but was imposed by the Trust Administrative Committee because of lack of liquidity of the Plan. But for the moratorium, Mr. Garrett would have received a distribution of his fully vested interest in the Plan in lump sum. On June 26, 1991, the moratorium was partially lifted and participants were permitted to borrow up to $50,000.00 against their interest in the Plan. Mr. Garrett attempted to take advantage of this new provision but was not successful.

As noted earlier, Mr. Garrett and his wife filed their voluntary Chapter 7 Petition on August 21, 1991. On their Schedule C they claimed that Mr. Garrett's interest in the Plan was not part of his estate pursuant to § 541(c)(2) of the Code or, in the alternative, exempt pursuant to § 222.-21(2)(a), Fla.Stat.

Subsequent to the commencement of this case, Mr. Garrett applied for and received and is still receiving periodic distribution of $2,700.00 per month pursuant to the Plan. Although Mr. Garrett now contends that he was not entitled to a lump sum distribution, there is nothing in the Plan which prohibits a lump sum distribution. Mr. Garrett did not disclose that he elected periodic distribution in lieu of lump sum payment when he was questioned at the meeting of creditors or when he was examined by the Trustee pursuant to F.R.B.P. 2004. On October 1, 1991, Buddy Ford, the duly appointed Trustee, for the estate of the Debtors filed a timely Objection to the Debtors' Claim of Exemption including the fully vested interest of Mr. Garrett in the Plan.

In due course, the Trustee's Objection was heard and on April 8, 1992, this Court sustained the Trustee's objection in part and overruled it in part. Particularly, Mr. Garrett's claim of his interest in the Plan (Regular and Eastern's Special Contributions) as exempt was disallowed, although his claim in the Eastern's Regular Contributions Plan as exempt was allowed. In its Order this Court held that Mr. Garrett's interest in the Plan is not excluded from his estate by virtue of § 541(c)(2) and is subject to administration by the Trustee and the interest cannot be claimed as exempt pursuant to § 222.21 of the Florida Statutes by virtue of federal preemption doctrine, enunciated by the Supreme Court in *Mackey v. Lanier Collection Agency & Services, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1987); ERISA § 514, 29 U.S.C. § 1144.

On November 4, 1992, the Pension Benefit Guarantee Corporation (PBGC) filed Motion and sought an Order vacating this Court's Order entered on April 8, 1992, on the Trustee's Objection to the exemption claim of Mr. Garrett. On March 11, 1993, this Court deferred ruling on PBGC's Motion, an Order yet to be entered on the Motion of PBGC. On April 12, 1993, the Debtors filed a Motion for Reconsideration of the April 8, 1992, Order, which was denied by this Court on April 19, 1993.

The Trustee sought, without success, to obtain Mr. Garrett's interest in the Plan. It is without dispute that Mr. Garrett has received approximately $51,000.00 post-petition under the Plan, and he received $35,-100.00 since the April 8, 1992, entry of this Court's Order Sustaining the Trustee's Objection to his Claim of Exemption to his interest in the Plan. This Order was never appealed and became the final determination of his right to immunize his interest in the Plan from the administration by the Trustee.

The immediate matter under consideration is the Trustee's Motion for Turnover. The Motion is resisted by the Debtors on the grounds that since this Court entered its Order on the Trustee's Objection, on April 8, 1992, the Supreme Court in *Patterson v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), held that the language in § 541(c)(2) "applicable non-bankruptcy law" is not limited to traditional common-law spendthrift trusts, but also excludes from the estate the Debtors' interest in ERISA-qualified pension plans. Based on this the Debtors' contend that the holding of *Patterson, supra,* should be applied retroactively, and as a result Mr. Garrett's interest in the Plan is not part of his estate and, therefore, not subject to turnover and administration by the Trustee.

In support of his Motion for Turnover, the Trustee contends that (1) the Debtors have exhausted all defenses to Trustee's Objection to Claim of Exemption and their opposition to the Trustee's Motion is time-barred; (2) *Patterson v. Shumate* is inapplicable to the facts of this case; (3) ERISA's anti-alienation provisions do not apply in bankruptcy; (4) even if ERISA's anti-alienation provisions are applicable in bankruptcy, the Court has authority to find a bankruptcy exception to ERISA's anti-alienation provisions; (5) even if ERISA's anti-alienation provisions are applicable in bankruptcy they are not applicable to a terminated Plan; and (6) Debtors are not entitled to any exemption available under § 222.21 Fla.Stat.

■ Based on this undisputed record, this Court is satisfied that the Trustee's Motion is well taken and should be granted for the following reasons. The Order which partly sustained the Trustee's Objection to the Debtors' Claim of Exemption concerning Mr. Garrett's interest in the Plan was entered on April 8, 1992. The Debtor did not appeal the Order thus it became the final adverse determination of the Debtors' right to immunize Mr. Garrett's interest in the Plan from administration by the Trustee. *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992) (failure to timely object to the claim of exemption, is a final binding determination of the Debtors' right to exemption even if it is clear that the claim of exemption had no basis in fact or law.)

The Debtors' Motion for Reconsideration of the April 8, 1992, order was not filed until April 12, 1993, or more than one year after the entry of the April 8, 1992, Order. The Order denying the Motion for Reconsideration was not appealed.

Relief from Judgment or Order is governed by F.R.C.P. 60, as adopted by F.R.B.P. 9024. Subclause (a) deals with "clerical mistakes" which subclause is clearly not applicable in the present instance. Subclause (b) permits relief from judgment or an order for mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, etc.

A Motion for Relief under (b)(1) mistakes, etc., (b)(2) newly discovered evidence or (b)(3) fraud, must be made within one year after the entry of the order or judgment. Even if one contends that the basis for the relief sought is "newly discovered evidence," i.e., the Supreme Court decision in *Patterson,* which at most is "newly discovered law" and not "newly discovered evidence," the Motion was still not filed within one year, thus it was time-barred. Clearly none of the other provisions of F.R.C.P. 60 apply, with the possible exception of subclause (b)(6) which permits granting relief for "any other reason justifying relief."

The Debtors do not directly rely on subclause (b) but rely on the proposition that

*Patterson* should apply retroactively and that under *Patterson* the Debtors shall prevail. The difficulty with the Debtors' possible reliance on (b)(6), which is not well articulated, is equally without merit simply because even under subclause (b)(6), the Motion must be made within a reasonable time, which is not the case in the present instance.

■ As noted earlier, the Debtors made their election to receive periodic, rather than lump sum distribution, after the commencement of this Chapter 7 case but before the meeting of creditors and before the rights of the estate in the Debtors' interest in the Plan were determined by this Court. In making this election, Mr. Garrett clearly violated a fundamental rule of bankruptcy that "once the bankruptcy proceeding has begun, title and freedom to dispose of property formerly belonging to the bankrupt is relinquished. The bankrupt party is without authority to deal with his estate as before ..." *Daniels v. Powell,* 604 F.Supp. 689, 695 (N.D.Ill.E.D.1985). The Debtors' failure to disclose their election and continued receipt and retention of Plan distributions, even after the Plan was found to be an asset of the Bankruptcy estate, cannot be condoned by this Court. The Debtors knew that their exemption claim was rejected more than one year before they filed their Motion for Reconsideration on April 12, 1993 for the first time. Be that as it may, this Court is satisfied that the Debtors are not entitled to any relief. This is especially true since there is no Motion before this Court by the Debtors which properly seeks relief from the final order on their Claim of Exemption entered on April 8, 1992.

■ Ordinarily this would conclude the matter. However, the issue of retroactivity of *Patterson* raised by the Debtors is a significant and important issue and it should not be ignored.

The Courts have established three circumstances under which a judicial decision should be applied retroactively. First, the decision to be applied non-retroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, the court must weigh the merits and demerits of each case by looking to the prior history of the rule or decisions in question, its purpose and effect, and whether retrospective operation will further or retard its purpose. Third, the court must weigh the inequity imposed by retroactive application, for where a decision could produce substantial inequitable results if applied retrospectively, the court should avoid the injustice or hardship of applying a later decision retroactively. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); *Camden I Condominium Ass'n, Inc. v. Dunkle,* 805 F.2d 1532 (11th Cir.1986); *In re: Anerinbex, Inc.,* 110 B.R. 575 (Bankr.M.D.Fla. 1990).

At the time this Court entered the Order on the Trustee's Objection to the Debtors' Claim of Exemption, the law was clear in this Circuit that the exception set forth in § 541(c)(2) did not apply to ERISA-qualified Plans, but the exception was limited to the traditional common-law spendthrift trusts. *In re Goff,* 706 F.2d 574 (5th Cir.1983); *In re Lichstrahl,* 750 F.2d 1488 (11th Cir. 1985); *In re Daniel,* 771 F.2d 1352 (9th Cir.1985), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *In re Dyke,* 943 F.2d 1435 (5th Cir.1991); *In re Graham,* 726 F.2d 1268 (8th Cir.1984). Admittedly there are other decisions to the contrary in other Circuits. *In re Harline,* 950 F.2d 669 (10th Cir.1991), *cert. pending* — U.S. ——, 112 S.Ct. 2991, 120 L.Ed.2d 869; *Velis v. Kardanis,* 949 F.2d 78 (3rd Cir.1991); *Shumate v. Patterson,* 943 F.2d 362 (4th Cir.1991); *In re Lucas,* 924 F.2d 597 (6th Cir.1991) *cert. denied,* — U.S. ——, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991); *In re Moore,* 907 F.2d 1476 (4th Cir.1990). Thus *Patterson* clearly did not overrule clear precedent but merely resolved a conflict between the Circuits. Neither did it decide a matter of first impression whose resolution was clearly foreshadowed. There is nothing in this record to indicate that if *Patterson* is

not applied retroactively it would impede or hamper its application in the future. Moreover, not to apply *Patterson* retroactively would not produce substantial inequitable results in this instance. The Debtors knew what treatment this Claim of Exemption would receive in this Circuit when they filed their Petition for Relief. Furthermore, Mr. Garrett's post-petition conduct as described earlier belies his good faith and a forthright attitude and his intention to comply with the duties imposed on Debtors by § 521 of the Bankruptcy Code.

In sum, this Court is satisfied that under the facts of this case, it would not be appropriate to apply *Patterson* retroactively. Having considered that the Debtors are not entitled to any relief because they cannot now attack the Order of April 8, 1992, which they have failed to do pursuant to the Rule governing review of final judgments and orders entered by a bankruptcy court, F.R.B.P. Part VIII Rule 8001–8002, and by considering non-retroactivity of *Patterson*, it is unnecessary to consider the remaining contentions advanced by the Trustee.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Turnover be, and the same is hereby, granted and the Debtor be and the same are ordered to turnover to the Trustee all sums received by them since the commencement of this case within 30 days from the entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that since this record lacks any evidence of how much the Debtors may receive in the future, the amount shall be established by stipulation of the parties and if there is no stipulation, after hearing with notice.

DONE AND ORDERED.