**In re Daniel Kern LESH d/b/a DK Lesh Properties, Debtor.**

**Bankruptcy No. 91–2484–9P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 15, 1993.

Edward R. Miller, Naples, FL, for debtor.

David L. Schultz, Ft. Myers, FL, trustee.

Daniel A. Medeiros, Sarasota, FL, for trustee.

**ORDER ON OBJECTION TO CLAIM OF EXEMPTION AND MOTION FOR RELIEF FROM ORDER**

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing, with proper notice, upon an Objection to Claim of Exemption filed by Daniel A. Medeiros (Trustee), the Trustee in charge of administering the estate of the Debtor, and Motion for Relief from Order filed by Daniel Kern

Lesh d/b/a DK Lesh Properties (Debtor) in this converted Chapter 7 case. The Trustee's Objection is based on the contention that this Court previously disallowed the Debtor's claim of exemption of his interest in a 401(k) Pension Plan (Plan) by an Order entered on August 20, 1991. According to the Trustee, this issue cannot be revisited since the initial order sustaining the Trustee's Objection to the Plan was never appealed and therefore the Order established the law of the case.

In opposition, the Debtor contends that notwithstanding the Order, the subsequent Supreme Court decision of *Patterson v. Shumate*, ⎯⎯ U.S. ⎯⎯, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), which held that 401(k) plans are excluded from the property of the Debtor's estate pursuant to § 541(c)(2), should be retroactively applied, therefore this Court should revisit the issue and vacate its previous Order which sustained the Trustee's Objection to the Claim of Exemption based on *Taylor v. Freeland & Kronz*, ⎯⎯ U.S. ⎯⎯, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). This Court is satisfied that the proposition urged by the Debtor and the relief sought is without merit for the following reasons. The facts as appears from the record are without dispute and are as follows:

The Debtor filed a Petition for Relief under Chapter 11 on February 27, 1991. In connection with the Petition, the Debtor filed a Schedule B–4, claiming as exempt, pursuant to Art. X, § 4 of the Florida Constitution, and Florida Statutes § 222.21, his interest in a 401(k) Pension Plan. The Debtor's claimed interest in the Plan was valued in the amount of $57,000.00. On April 12, 1991, Twin City Federal Bank (Bank) filed an Objection to the Debtor's claim of exemption alleging that the Debtor claimed as exempt personal property in an amount which exceeded the exemption amount allowed by Art. X, § 4 of the Florida Constitution. On August 20, 1991, this Court entered its Order sustaining the Objection, concluding that Congress pre-empted the field with the enactment of 29 U.S.C. 1144 (ERISA § 514) therefore all state legislation, even if it is more liberal in protect-

ing pension benefits, is invalid and unenforceable. *See Mackey v. Lanier Collection Agency & Services, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988); ERISA § 514, 29 U.S.C. § 1144. This Order was never appealed and became the final determination of the Debtor's right to immunize his interest in the Plan from administration by the Trustee.

After hearing a Motion to Dismiss or Convert the Case filed by the Bank, this Court entered an Order converting the case to Chapter 7 on January 20, 1993. On March 17, 1993, the Debtor filed an Amendment to his Schedule E–4, again claiming as exempt the Plan pursuant to Art. X, § 4 of the Florida Constitution, and additionally, Florida Statutes § 222.14 and § 522(d)(10) of the Bankruptcy Code made applicable by Florida Statutes § 222.201. On April 13, 1993, the Trustee filed an Objection to Claim of Exemption, contending that (1) this Court entered an Order disallowing the Debtor's claim of exemptions of the Plan on August 20, 1991, this being the law of the case; (2) the Plan is not an annuity or life insurance policy as contemplated by Florida Statutes § 221.14; and (3) the Debtor failed to show how the Plan qualifies for exemption under § 522(d)(10) of the Bankruptcy Code.

On April 21, 1993, the Debtor filed a Response as well as a Motion for Relief from this Court's August 20, 1991 Order pursuant to Rule 9024. It is the contention of the Debtor that in light of the fact that the Supreme Court in June, 1992 decided *Patterson, supra,* in which it held that the language in § 541(c)(2) of the Bankruptcy Code "applicable non-bankruptcy law" is not limited to traditional common-law spendthrift trusts, but also excludes from the estate a debtor's interest in ERISA-qualified pension plans, this ruling should be applied retroactively and therefore the Debtor is entitled to exempt his interest in the Plan.

█ Based on the undisputed record, this Court is satisfied that the Trustee's Objection is well-taken and should be granted for the following reasons. The Order which sustained the Bank's Objection to the Debt-

ors' Claim of Exemption concerning the Debtor's interest in the Plan was entered on August 20, 1991. The Debtor did not appeal the Order and therefore it became the final adverse determination of the Debtor's right to immunize his interest in the Plan from administration by the Trustee.

Relief from Judgment or Order is governed by F.R.C.P. 60, as adopted by F.R.B.P 9024. Subclause (a) deals with "clerical mistakes" which subclause is clearly not applicable in the present instance. Subclause (b) permits relief from judgment or an order for mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, etc.

A Motion for Relief under (b)(1) mistakes, etc., (b)(2) newly discovered evidence, or (b)(3) fraud, must be made within one year after the entry of the order or judgment. Even if one contends that the basis for the relief sought is "newly discovered evidence," i.e., the Supreme Court decision in *Patterson*, which at best is "newly discovered law," the Debtor's Motion for Relief from this Court's Order of August 20, 1991 was not filed until April 21, 1993, more than one year after the entry of the August 20, 1991 Order, therefore the Motion is time-barred. Clearly none of the other provisions of Rule 60 apply, with the possible exception of subclause (b)(6), which permits granting relief for "any other reason justifying relief."

The Debtor does not directly rely on subclause (b) but relies on the proposition that *Patterson* should apply retroactively, and that under *Patterson* the Debtors should prevail. The Debtor's possible reliance on (b)(6) is equally without merit simply because, under subclause (b)(6), the Motion must be made within a reasonable time, which is not the case in the present instance. Accordingly, this Court is satisfied that the Motion should be denied.

■ Earlier this year, this Court held in *In re Garrett*, 158 B.R. 859 (Bankr. M.D.Fla.1993) that *Patterson v. Shumate, supra* did not apply retroactively. Applying a three-prong test, this Court determined (1) that *Patterson* did not establish a new principle of law because it merely resolved a conflict between the circuits, (2) that if *Patterson* is not applied retroactively, it would not impede or hamper its application in the future, and (3) that not applying *Patterson* retroactively would not produce substantial inequitable results. This Court is satisfied that under the facts of this case, it would not be appropriate to apply *Patterson* retroactively.

Based on the foregoing, this Court is satisfied that the Debtor is not entitled to exemption of the Plan because (1) he cannot now attack the Order of August 20, 1991, which he has failed to do pursuant to Rule 9024 governing review of final judgments and orders entered by a bankruptcy court, (2) the Debtor has failed to make a timely appeal pursuant to Rules 8001–8002, and (3) due to this Court's earlier decision in *Garrett, supra*, that *Patterson, supra* does not apply retroactively. It is unnecessary to consider the remaining contentions advanced by the Trustee.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection is hereby sustained. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Relief from this Court's August 20, 1991 Order is denied.

DONE AND ORDERED.